### WHEELER v. WOODS.

(Supreme Court, Appellate Term. December 22, 1909.)

1. **MASTER AND SERVANT (§ 9\*)—RENEWAL OF EMPLOYMENT—WRITTEN CONTRACT—SUBSEQUENT ORAL CONTRACT.**

   Plaintiff, an actor, upon the termination of a written contract, orally agreed to continue to act in New York City for four weeks. Subsequently he was requested by defendant to play in Chicago for two weeks. He received compensation for the first week, and participated in the performances up to and including Wednesday night of the second week, when the play was closed and the company disbanded. *Held*, in an action to recover full compensation for the second week, that plaintiff's right of recovery arose, not upon the written contract, nor upon the subsequent oral agreement to continue performance, but upon defendant's request that he go to Chicago and play for two weeks; that engagement being a new and independent contract.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 11; Dec. Dig. § 9.\*]

2. **CONTRACTS (§ 303\*)—CONDITIONS PRECEDENT—FAILURE TO PERFORM—EXCUSES.**

   A party to a contract cannot avail himself of the nonperformance of a condition precedent as a defense in an action on the contract, where he has himself occasioned the nonperformance.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1424; Dec. Dig. § 303.\*]

3. **WORK AND LABOR (§ 14\*)—CONTRACT TO PAY SPECIFIC SUM—QUANTUM MERUIT.**

   Where a person bound himself to pay a specific sum for a week's work, and prevented the performance of the contract by the other party, the question of quantum meruit did not arise.

   [Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 32; Dec. Dig. § 14.\*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Van Rensselaer Wheeler against Albert H. Woods. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Henry J. Goldsmith, for appellant.
Robertson Honey, for respondent.

---

\*For other cases, see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GOFF, J. The writing referred to as the contract of January 5th was relevant only to show the initial relations of the parties and the compensation fixed for plaintiff's services as an actor. About the expiration of the term of employment fixed by this contract, plaintiff spoke to defendant about a continuance of his employment. Defendant said:

"I want you to stay down there (Weber's Theater, New York) as long as you like."

And plaintiff answered:

"Very well, I will for four weeks either way for no reason whatever."

And defendant replied:

"That's all right as long as we do business."

After the expiration of some weeks defendant requested plaintiff to go with the company and play for two weeks in Chicago. Plaintiff did so. For the first week he received his compensation. In the second week he participated in six performances, up to and including Wednesday night. After that the play was closed, and the company disbanded, for the reason that the authorities of Chicago refused permission for the removal of the scenery. Plaintiff demanded, and subsequently sued for, his full compensation for the week.

The question of plaintiff's right to recover arises, not upon the written contract, nor upon the subsequent oral agreement to continue the performance, but upon the request of the defendant that the plaintiff go to Chicago and play there for two weeks. When defendant told plaintiff he wanted him to play at the theater in New York, and the plaintiff consented under certain conditions, that was not an obligation upon plaintiff to play in any other place than New York. The very conversation between the parties at the time demonstrated the unreasonableness of defendant's contention. The plaintiff had his home in New York, and playing in Chicago necessarily would entail upon him extraordinary expense. The engagement to go to Chicago was a new and independent contract for two weeks at a mutually understood compensation of $250 per week. The plaintiff performed his part for at least half of the week, and there was not even suggestion that he was not ready and competent to perform the remaining part. The failure to continue the play was in no sense attributable to him, but wholly rested upon the defendant's management, and its fault should not be visited upon the plaintiff. When defendant engaged plaintiff to play in Chicago for two weeks, he impliedly engaged to provide a theater where the play could be presented. That was a condition precedent. It failed, and because of its failure defendant cannot avoid responsibility, on the well-established principle that one cannot avail himself of the nonperformance of a condition precedent who has himself occasioned its nonperformance.

The question of quantum meruit does not arise, for the defendant bound himself to pay a specific sum for a week's work, and after the work had been partly performed the plaintiff was prevented from its continuance by the failure of the defendant to provide a theater. All

disputed questions of fact were resolved in favor of plaintiff by the trial justice, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.